BERNICE EDGECOMB

*vs.*

MARTIN LAWLIS, Sheriff

Aroostook.    Opinion January 31, 1928.

*In an action against an officer as a trespasser based upon an insufficient bond, the burden is upon him to show he took a sufficient bond.    A replevin bond signed by the sureties, who were named in the bond individually, but executed by the sureties in the name of A. Co., B. Treas., C. Pres., is sufficient and the sureties are bound as individuals.*

*Evidence of a replevin bond signed in the name of the principal by an agent who is known to be the representative of the principal in conducting its business in the community and that the replevin writ was entered in court by the plaintiff's attorney is sufficient to go to the jury on the agent's authority to execute the bond.*

The evidence in this case of retention of possession by the officer of a building in which the replevin goods were stored is held insufficient to warrant a verdict against the officer in an action of *trespass quare clausum* by the owner of the building as against the evidence of the officer's instructions both in the writ and by the plaintiff in the replevin suit, his return on his writ and the undisputed testimony as to the acts of all the parties involved following delivery of the potatoes to the agent of the plaintiff in the replevin suit as directed.

On exceptions and motion.    An action of trespass to recover damages of defendant, sheriff of Aroostook County, resulting from the service of a replevin writ by a deputy of defendant.    Exceptions were taken to certain instructions by the defendant, and after a verdict for plaintiff a general motion for a new trial was filed.

Motion sustained.    New trial granted.

The case sufficiently appears in the opinion.

*Archibalds*, for plaintiff.

*Powers & Mathews, Robert M. Lawlis and Nathaniel Tompkins*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, BASSETT, JJ., MORRILL, A.R.J.

DUNN, BASSETT, JJ., concurring in the result.

WILSON, C. J. An action of *trespass quare clausum* against the defendant who at the time of the alleged trespass was sheriff of Aroostook County, for acts committed by one of his deputies. The plaintiff was the owner of a potato house built for the winter storage of potatoes. In the fall of 1923, one Richardson became a tenant at will of the premises, holding them in common with the plaintiff who retained the right to store therein certain farm machinery. Richardson harvested his potatoes in the fall, on which the International Agricultural corporation, Buffalo Fertilizer Works, which will hereinafter be referred to as the Fertilizer Co., had a crop mortgage, and stored them in the potato house of the plaintiff under the above arrangements as to tenancy.

In the early winter, Richardson began hauling the potatoes, but not having paid his rent, the plaintiff notified him not to move any more until the rent was paid, and on January 24, 1924, the plaintiff put a lock on the door and excluded Richardson from the potato house.

Richardson then called up the agent for the Fertilizer Co., who consulted the attorney for the company. The attorney thereupon sued out a replevin writ in which the Fertilizer Co. was named as plaintiff, and the plaintiff in this action as defendant.

A bond in which the Fertilizer Co. was named as principal and executed in the name of the principal by Frank L. Rhoda, the Fertilizer Company's representative in that community, who described himself as agent, was delivered to the officer who served the writ. The sureties though named in the body of the bond as Mark T. Phair and Henry Phair, signed as Phair Co., M. T. Phair Treas., Henry Phair, Pres. An ordinary wafer was attached as a seal to the signatures of the principal and of the sureties.

The officer was then instructed by the agent for the Fertilizer Co. that he was to take the potatoes and deliver them to Richardson for the Fertilizer Co.

Armed with this precept, the officer went to the house of Mr. Edgecomb and asked for the key to the lock on the potato house. On being

refused, the officer sent for Richardson, went to the potato house and pulled or broke the staple holding the lock on the door and entered. As it was very cold, he then suggested to Richardson that he build a fire to keep the potatoes from freezing.

Up to this point, the parties are in substantial accord as to the facts.

The defendant through his deputy is charged in the case at bar with breaking and entering the potato house and destroying its contents, it having burned on the night of January 30, 1924. The defendant pleaded the general issue and in a brief statement justified the entry of his deputy by his precept described above.

Under sec. 10, Chapter 101 R. S., the officer before serving a replevin writ shall take from the plaintiff a bond with sufficient sureties. If he serve such a writ without a sufficient bond, he is a trespasser. *Garlin* v. *Strickland,* 27 Me., 443, 449; *Williams* v. *Dunn,* 120 Me. 506.

When the question is raised in the replevin suit as between the two claimants, the officer is presumed to have acted regularly. If the defendant seeks to dismiss the replevin action because the officer did not take a good bond or with sufficient sureties, he must do it by plea in abatement and furnish proof, otherwise the officer is presumed to have complied with the statute if the bond appears regular on its face. *Massachusetts Breweries Co.* v. *Herman,* 106 Me., 524. This is also true when the action is on the bond between the principal or sureties and the obligee. *Howe* v. *Handley,* 28 Me., 251.

But where the action is against the officer as a trespasser and he justified by virtue of his precept, the burden is on him to show that he had taken a valid bond, otherwise he may be liable. *Williams* v. *Dunn, supra.*

The first issue raised at the trial was whether the officer had taken a sufficient bond. The presiding Justice instructed the jury that the bond was not sufficient, and they should find at least nominal damages.

The signing by the sureties, while somewhat irregular in form, must be held to be by them individually; that the words, "Pres." and "Treas." after their names are merely *descriptio personae. Sturdivant* v. *Hull,* 59 Me., 172; *Me. Red Granite Co.* v. *York,* 89 Me., 54; *Edwards* v. *Pinkham,* 113 Me., 4. No question is raised here or was raised below as to the adequacy of the sureties.

It was also urged that there is no authority shown for the giving of the replevin bond in the name of the corporation. The plaintiff introduced the replevin writ from the files of the Court and offered to introduce a plea in abatement filed in the replevin suit and the record of the Court showing the disposition of the case. Only the replevin writ was admitted, however, which discloses that the officer had returned that he had taken the potatoes and delivered them to the plaintiff named in the writ.

It is unnecessary upon this evidence to rely on a presumption that the officer had proceeded regularly or that the agent's authority to sign the bond is to be presumed, no evidence appearing to the contrary. We think the defendant or the plaintiff for him presented sufficient evidence upon which the jury would have been warranted in finding that the execution of the bond was duly authorized and was sufficient. *Proprietors* v. *Wentworth*, 36 Me., 339.

. Not only did it appear that the same man who authorized the bringing of the action signed the plaintiff's name to the bond, and was apparently the duly accredited agent of the plaintiff in that community for the transaction of its business, but the plaintiff by its attorney entered the replevin writ in Court. On what ground it was abated, if it was, we do not know, but the entry of the writ in Court by plaintiff's attorney, who is presumed to have authority for the purpose, *Flint* v. *Comly*, 95 Me., 255; *Boom Corp.* v. *Lamson*, 16 Me., 224; *York Harbor Village Corp.* v. *Libby* et al, 126 Me., 537, was sufficient together with the other testimony as to the agent's apparent general authority to warrant a finding by the jury that the act of the agent in signing the bond was duly authorized. This is not a case where it is admitted that the agent had no authority, *Proprietors* v. *Wentworth*, *supra*. The agent here may have had authority in the first instance. It is not a question of ratification. The proof offered by the plaintiff himself is not only consistent with full authority in the agent to sign the replevin bond, but is sufficient to base such a finding by the jury thereon. If so, the instruction of the Court that, as a matter of law, the bond was not a good bond, was error.

It is true that the defendant even then might not have been aggrieved by this ruling if the officer afterward exceeded his authority and became a trespasser *ab initio*. We think, however, that the evi-

dence is so clear as to the officer's acts and their legal effect that it does not warrant such a conclusion.

The plaintiff, it is true, testified that the officer after breaking open the door of the potato house stated that he was going to leave Richardson there as keeper, and Richardson in testifying after some pressing by the attorney for the plaintiff, assented that he supposed that thereafter he was in there representing the sheriff.

The officer, however, says he simply followed his directions from the agent or attorney of the plaintiff in the replevin writ, viz., to take the potatoes and turn them over to Richardson for the Fertilizer Co. and mortgagee and thereby complied with the directions in his writ, and returned the bond with his writ to Court, on which he made a return in the usual form, viz., that he took the goods described and delivered them to the plaintiff, that thereafter he had nothing to do with the potatoes, has no recollection of putting another lock on the door, but believed that he fastened it with some hay wire.

Whatever the officer may have said to the plaintiff as to leaving Richardson there as keeper, the officer's subsequent acts and his return on his writ clearly show that he did not as a finalty leave Richardson there in that capacity, but simply complied with the directions in his precept and the oral instructions authorizing Richardson to receive the potatoes for the plaintiff in the replevin suit, nor did Richardson so understand it. He proceeded at once to move the potatoes and sell them. The officer never afterwards visited the premises. On the other hand, the plaintiff did and undertook to tell Richardson how to care for the property.

Assuming that the officer put a new lock on one door, he gave the key or keys to Richardson who was rightfully there as tenant. As to whether Richardson should permit the plaintiff as his landlord to enter under their arrangements was between them. The plaintiff never asked to go in. There was another door by which with some difficulty he could enter. Nor is there any evidence that admission would have been denied him.

All the circumstances when taken into consideration indicate that whatever the plaintiff and Richardson may have understood as to the intent of the officer, the legal effect of his acts was merely a delivery of the goods replevied to the plaintiff's agent as directed in the writ and as instructed by its attorney. It is so evident from the un-

disputed facts that the deputy was not in possession of the potato house when it burned that we think the jury must have been mislead by the Court's instruction as to the validity of the bond. At least their verdict was clearly wrong.

*Motion sustained.*
*New trial granted.*